# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> KOVACEVICH "5" FARMS, a partnership, <br><br> Defendant. | Case No. 1:06-cv-00165 OWW TAG <br><br> ORDER BIFURCATING LIABILITY AND DAMAGE PHASES OF TRIAL <br><br> (Docs. 22 and 27) |

**Background**

On February 13, 2006, the Equal Employment Opportunity Commission ("EEOC") commenced this civil action against defendant Kovacevich "5" Farms. (Doc. 1). The complaint alleges unlawful employment practices on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. (Id.) Furthermore, the complaint seeks appropriate relief on behalf of the following six charging parties: Patricia Delgado, Myriam Cazares, Flor Rivera, Miriam Delgado, Terri Salcido and Delia Casas. (Id.)

On August 10, 2006, the parties filed a joint motion to bifurcate the liability from damages phases of the trial. (Doc. 22). That joint motion to bifurcate was followed by a Stipulation and Proposed Order to the same effect on September 7, 2006. (Doc. 27). The stipulation requests the Court to order "bifurcation of proceedings in this litigation into two phases, the first to be a liability phase focusing on claims of no more than ten class representatives, and the second phase to address the issue of damages. During any such liability

phase, Defendant will not inquire about witnesses' legal status and ability to work in the United States."  (Doc. 27).

### Applicable Law

Federal Rule of Civil Procedure 42(b) provides:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Fed. R. Civ. P. 42(b).

Rule 42(b) "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002); see also M2 Software, Inc. v. Madacy Entertainment, 421 F.3d 1073, 1088 (9th Cir. 2005).  As one commentator has noted, "Rule 42(b) provides the district court with discretion to subdivide the case in whatever manner seems dictated by the circumstances." Wright & Miller, 9 Federal Practice and Procedure § 2389 (2d ed. 1995).  A ruling that orders bifurcation is appropriate if the "ruling (1) serves the interests of judicial economy or is done to prevent prejudice to a party; (2) does not unfairly prejudice the non-moving party; and (3) does not violate the Seventh Amendment." Krocka v. City of Chicago, 203 F.3d 507, 516 (7th Cir. 2000).  Courts within the Ninth Circuit often have bifurcated liability from damages, and Rule 42(b) gives courts the authority to separate trials into liability and damages phases. See M2 Software, 41 F.3d at 1088; Ortega v. O'Connor, 146 F.3d 1149, 1154 (9th Cir. 1998); Hopkins v. Dow Corning Corp., 33 F.3d 1116, 1119 (9th Cir. 1994); DeAnda v. City of Long Beach, 7 F.3d 1418, 1421 (9th Cir. 1993); Arthur Young & Co. v. United States Dist. Ct., 549 F.2d 686, 697 (9th Cir. 1977).  However, "piecemeal trial of separate issues in a single suit is not to be the usual course [and] should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." Hangarter v. Paul Revere Life Ins.

1  Co., 236 F. Supp. 2d 1069, 1094 (N.D. Cal. 2002), aff'd in part, rev'd in part on other grounds,
2  373 F.3d 998 (9th Cir. 2004).

3  In the instant case, the parties have stipulated to the bifurcation of the liability and
4  damages phases of this action. The parties have further stipulated that "[d]uring . . . [the]
5  liability phase, Defendant will not inquire about witnesses' legal status and ability to work in the
6  United States." (Doc. 27). See Rivera v. NIBCO, Inc., 364 F.3d 1057 (9th Cir. 2004) (court
7  affirmed a protective order issued by Magistrate Judge Snyder which prevented inquiry into
8  plaintiffs' immigration status so as not to chill the assertion of employment-based civil rights
9  claims).

10  It appearing to the Court that the Joint Motion to Bifurcate (Doc. 22) and corresponding
11  Stipulation and Proposed Order to Bifurcate (Doc. 27) furthers the convenience of the parties, is
12  prejudicial to neither party and is conducive to expedition of the case and to judicial economy, IT
13  IS HEREBY ORDERED that *in the event this action is to be maintained as a class action,*[1] it
14  shall be BIFURCATED into two phases, the first to be a liability phase focusing on claims of no
15  more than ten class representatives, and the second phase to address the issue of damages.
16  During any such liability phase, Defendant will not inquire about witnesses' legal status and
17  ability to work in the United States.

19  IT IS SO ORDERED.
20  Dated: **September 18, 2006**           **/s/ Theresa A. Goldner**
    **j6eb3d**                              UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that pursuant to the Order Amending Scheduling Order (Doc. 25), October 16, 2006 is the deadline to file any motion for determination under Fed.R.Civ.P. 23(c)(1) whether the action is to be maintained as a class action.